## 19818

James Ferdinand JACOBS, Jr., Individually, and representing the taxpayers of Clinton Hospital District, of the City of Clinton, and of Laurens County, South Carolina, Appellant, v. L. W. McCLAIN et al., Respondents.

(205 S. E. (2d) 172)

*Cecil E. White, Esq.,* of Clinton, *for Appellant,*

· *M. Elizabeth Crum, Asst. Atty. Gen., Daniel R. Mc-Leod, Atty, Gen.,* of Columbia, and *Messrs. Tench P. Owens,* of Clinton, and *Sinkler, Gibbs Simons & Guerard,* of Charleston, *for Respondents, members of Clinton Hospital Board of Directors of Clinton Hospital District,*

May 6, 1974.

LITTLEJOHN, Justice:

This class action was instituted by the plaintiff-appellant, James F. Jacobs, Jr., individually and as representative of the taxpayers of Clinton Hospital District, to contest the constitutionality of Act No. 1884 enacted at the 1972 session of the South Carolina General Assembly. The defendants-respondents are the members of the Clinton Hospital Board of Directors of Clinton Hospital District and the Attorney General of South Carolina.

Under the provisions of the challenged act, the Board of Directors of the Hospital District was authorized and empowered to issue not exceeding $350,000 of general obligation bonds of the district, to finance the construction of a building to provide offices and related facilities to be leased to physicians and dentists who are members of the active medical staffs of Bailey Memorial Hospital and Bailey Nursing Home, both owned and operated by the district. The full faith, credit, and taxing power of the district was irrevocably pledged for the payment of the proposed bonds. The *ad valorem* tax to be levied for the payment of the bonds was to be reduced to the extent of the monies realized from the renting of the facilities after a portion thereof had been set aside for operational, maintenance, and repair expenses.

After conducting a hearing, at which time certain stipulations of fact and testimony, memoranda of law, and oral arguments were presented by counsel for both sides, the trial judge issued his order upholding the constitutionality of Act No. 1884 of 1972, and the right of the district to issue bonds pursuant to the grant of the act. While the plaintiff has taken five exceptions to this order, it is agreed that a single issue is presented for our determination: Is the proposed doctors' office building a "public building" within the meaning of Article X, Section 6 of the Constitution of South Carolina?

Section 6 Article X in relevant part provides, "The General Assembly shall not have power to authorize any county or township to levy a tax or issue bonds for any purpose except . . . to build and repair public . . . buildings . . . ."

To support his conclusion that the proposed building was a public building, the trial judge relied in part upon the following proposition from *Battle v. Willcox,* 128 S. C. 500, 122 S. E. 516 (1924), wherein a hospital was held to be within the purview of Article X, Section 6:

"If, as we have concluded in the consideration of appellants' first contention, the erection and maintenance of a hospital may be lawfully undertaken by the township as a governmental function, under a plenary grant of power from the General Assembly, it would seem clear that the building essential to the discharge of that function would be, as the circuit judge correctly held, a public building in the sense that it would promote a public purpose or subserve a public use."

While we have no quarrel with the soundness of that statement, we cannot agree that a building which will be leased to doctors for office space in their private practice is essential to the function of a hospital in the constitutional sense.

The Supreme Court of Alabama in the case of *Hamilton v. City of Anniston*, 248 Ala. 396, 27 So. (2d) 857 (1946), was faced with an analogous situation. The court held that although a municipality can own and maintain public hospitals, it would not be authorized to construct with municipal funds a building for use in part by physicians for office space in their private practices. The court relied on several of its own prior decisions and upon McQuillin, Municipal Corporations (2d Ed.) Vol. 3, p. 1045 for the proposition that the discretion of municipal authorities in this instance was necessarily limited to those things having a reasonable relationship to a public hospital, and that a building used by doctors for office space in private practice would not bear such reasonable relation.

In *Powell v. Thomas*, 214 S. C. 376, 52 S. E. (2d) 782 (1949), this Court declared unconstitutional an act calling for the issuance of bonds by a county in order to construct a war memorial building, the first floor of which was to house a county library and the second floor of which was to be used by the American Legion. While conceding that a county may lawfully issue bonds to erect a public library, the court concluded that the proposed structure was not a

public building within the contemplation of Article X, Section 10 of the State Constitution because a substantial portion thereof would be devoted to the use of a private organization.

In *Feldman & Co. v. City Council of Charleston*, 23 S. C. 57 (1884), this Court discussed "public purpose." It appears that the City of Charleston issued bonds to lend their proceeds to persons whose houses had been destroyed in the great conflagration of the 1860's. The bonds were payable from *ad valorem* taxes levied upon the taxable property in Charleston. In holding that the act of the legislature permitting the bonds and the subsequent action of the City of Charleston in issuing the bonds were unconstitutional, this Court stated:

"However certain and great the resulting good to the general public, it does not, by reason of its comparative importance, cease to be incidental. The incidental advantage to the public, or to the State, which results from the promotion of private interests, and the prosperity of private enterprises or business, does not justify their aid by the use of public money raised by taxation, or for which taxation may become necessary."

The conclusion is inescapable that the primary beneficiaries of the building erected with public funds and leased for office space are the physicians and dentists.

We are of the opinion that the circuit judge erred in holding Act No. 1884 of the General Assembly for 1972 constitutional. The case is remanded for entry of judgment in favor of the plaintiff.

Reversed and remanded.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.